**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

---

**GREG MANNING,**
*Individually, on behalf of himself and other similarly situated current and former employees,*

Plaintiffs,

**v.** **Case No. ______________________**

**UNIVERSITY HEALTH SYSTEM, INC.,**
*a Tennessee Nonprofit Corporation,*
*a/k/a The University of Tennessee Medical Center,*

**FLSA 216(b) Collective Action**

Defendant.

---

**ORIGINAL FLSA 216(b) COLLECTIVE ACTION COMPLAINT**

---

Named Representative Plaintiff Greg Manning ("Plaintiff"), individually and on behalf of all other similarly situated employees (potential plaintiffs) of University Health System, Inc., commonly known as The University of Tennessee Medical Center ("Defendant") files this Original Fair Labor Standards Act ("FLSA") 216(b) Collective Action Complaint against Defendant and alleges as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendant as a Collective Action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and potential plaintiffs.

## II. JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff and potential plaintiffs worked for Defendant in this district during all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in the FLSA violations alleged herein in this district during all times material to this cause.

## III. COVERAGE

4. Plaintiff and potential plaintiffs have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

5. Defendant has been the "employer" of the Plaintiff and potential plaintiffs within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Original Collective Action Complaint.

6. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Original Collective Action Complaint.

7. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

## IV. GROUP OF POTENTIAL PLAINTIFFS TO RECEIVE NOTICE

8. Plaintiff seeks to send notice of this action and allow the opportunity for the following similarly situated persons or potential plaintiffs to join:

> All current and former, flight paramedics or nurses and similarly titled workers who were employed by and worked for Defendant University Health System, Inc.'s UT LIFESTAR division "full time" for at least one week anywhere in the United States at any time from 2021 up to and including the present and who is a Named Plaintiff(s) or elects to join this action pursuant to the FLSA, 29 U.S.C. § 216(b).[1]

## V. PARTIES

9. Plaintiff Greg Manning was employed by Defendant as an hourly-paid nonexempt employee, specifically a flight nurse for University Health System, Inc. in its UT LIFESTAR division within this district during all times material herein. Plaintiff Greg Manning's Consent to Join this lawsuit is attached hereto as *Exhibit A*.

10. Defendant University Health System, Inc. is a Tennessee Non-Profit Corporation with its principal office located at 2121 Medical Center Way STE 200 Knoxville, TN 37920. Its registered agent for service of process is Bennett L. Cox, STE 330 2121 Medical Center Way Knoxville, TN 37920.

11. Defendant owns and operates an emergency air medical critical care transportation service called UT LIFESTAR. UT LIFESTAR primarily serves a one hundred and fifty (150) mile radius of Knoxville, Tennessee. UT LIFESTAR operates a fleet of medical helicopters and provides emergency aeromedical services and medical transport to patients in East Tennessee, Southeast Kentucky, Southwest Virginia, and Western North Carolina. UT LIFESTAR uses two American Eurocopter EC-135 helicopters and three Bell 407 helicopters. UT LIFESTAR's aircraft and flight crews are strategically located across five

[1] Plaintiff reserves the right to further modify or amend the Description of Potential Plaintiffs for notice purposes upon newly discovered information gathered through the discovery process.

(5) regional bases.[2] UT LIFESTAR delivers solutions for rapid helicopter transport and life-saving emergency care, to East Tennessee, Southeast Kentucky, Southwest Virginia, and Western North Carolina.

## VI. ALLEGATIONS

12. Defendant is a regional health system that comprises The University of Tennessee Medical Center, UT Health Network, and various partnerships and joint ventures with physicians and healthcare companies.

13. Plaintiff was employed by Defendant as a flight nurse along with other crew members such as paramedics and nurses.

14. Specifically, Plaintiff was stationed as a flight nurse at Defendant's Sevierville and Sweetwater base locations.

15. Plaintiff and potential plaintiffs worked forty (40) or more hours per week within weekly pay periods during all times relevant and material to this Collective Action.

16. Defendant had a common plan and practice of denying Plaintiffs and those similarly situated (potential plaintiffs) one and one-half times their regular hourly rate of pay for all hours they worked over forty (40) per week within weekly pay periods.

17. Plaintiff, along with other members of his crew were on-duty and worked twelve (12) hour shifts. During the shifts, the crew would remain on standby until dispatched at the base.

18. When Plaintiff and other members of his crew were on standby, they were not allowed to leave the base as the nature of the work performed required an immediate response should they be dispatched to transport a patient in need of medical care.

---

[2] UT LIFESTAR operates bases in Morristown, Tennessee (UT LIFESTAR 1), Rockwood, Tennessee (UT LIFESTAR 2), Sevierville, Tennessee (UT LIFESTAR 3), Jacksboro, Tennessee (UT LIFESTAR 4) and Sweetwater, Tennessee (UT LIFESTAR 5).

19. Plaintiff, and other potential plaintiffs, had a thirty-minute (30) lunch break automatically deducted from each shift.

20. Plaintiff was expressly prohibited from leaving the base during his shift (while on-duty) including during meal breaks. During his meal breaks, Plaintiff's activities were solely for the benefit of Defendant.

21. Defendant deducted a thirty-minute (30) meal break from Plaintiff, and other potential plaintiffs, even though Plaintiff and potential plaintiffs were not completely relieved from duty.

22. Plaintiff and potential plaintiffs, while on-duty for their entire twelve (12) hour shifts, should have been compensated for the entire shift.

23. At all times, the job duties of Plaintiff, and other potential plaintiffs, while employed by Defendant were those of non-exempt employees under the FLSA.

24. Defendant was aware it was not compensating Plaintiffs and potential plaintiffs for all the overtime work hours they performed within weekly pay periods during all times material.

25. Defendant was aware it was deducting earned overtime compensation of Plaintiff and potential plaintiffs within weekly pay periods during all times material.

26. The unpaid overtime compensation claims of Plaintiff and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

27. Defendant's conduct was willful with reckless disregard to the FLSA overtime requirements, and without a good faith basis.

## VII. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this as a Collective Action pursuant to 29 U.S.C. § 216(b).

29. Plaintiff's claims under the FLSA may be pursued by those who opt-in (join) to this cause of action under 29 U.S.C. § 216(b).

30. While the exact number of potential plaintiffs is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than two-hundred (200) potential plaintiffs.

31. Plaintiffs and potential plaintiffs are similarly situated as their claims are based on the Defendant's compensation and timekeeping plans and practices, applicable to both Plaintiff and potential plaintiffs, as previously described.

32. Plaintiff and potential plaintiffs are similarly situated in that their claims are united through common theories of the Defendant's FLSA statutory violations.

33. Defendant acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

34. Plaintiff and potential plaintiffs have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendant.

## COUNT I
## FLSA OVERTIME WAGE VIOLATIONS

35. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

36. Defendant failed to pay Plaintiff and potential plaintiffs for all overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay period during all times material to this Collective action Complaint, as previously described.

37. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and potential plaintiffs at least the applicable FLSA overtime compensation rate

of pay for hours over forty (40) per week, within weekly pay periods during all times material to this action.

38. These claims are unified through common theories of Defendant's FLSA violations.

39. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

40. Defendant's conduct was without a good faith basis.

41. As a result, Defendant has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

42. Plaintiff and potential plaintiffs are entitled, and hereby seek, to recover from Defendant compensation for unpaid overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREAS, Plaintiff, individually, and on behalf of himself and all potential plaintiffs, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a Collective Action and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them the right to opt-in (or join) to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and potential plaintiffs;

C. An award of liquidated damages to Plaintiff and potential plaintiffs;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper**.**

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a **TRIAL BY JURY** on all issues so triable.

Dated: April 10, 2024.

Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*

***A TTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***